UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAO DE OLIVEIRA VIEGAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CHARLES GREEN,<br><br>Respondent. | Civil Action No. 18-13359 (MCA)<br><br>OPINION |

<u>**MADELINE COX ARLEO, United States District Judge,**</u>

## I. INTRODUCTION

This matter has been opened to the Court by Petitioner's filing of a habeas petition pursuant to 28 U.S.C. § 2241, asserting that his continued detention under § 1226(c) without an individualized bond hearing is an unconstitutional violation of due process under the Fifth Amendment. For the reasons explained in this Opinion, the Court will grant the writ of habeas corpus and direct the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days, pursuant to the standards set forth in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011).

## II. FACTUAL BACKGROUND

Petitioner is a native and citizen of Portugal. *See* Exhibit to the Declaration of Daniel W. Meyler ("Ex.") A (Record of Deportable/Inadmissible Alien). He was first admitted to the United States as a lawful permanent resident in April 1967, when he was about three years old. Ex. A at 2. In 1996, Petitioner was arrested for possession of marijuana, and, in 1997, he pled

1

guilty to charges of intent to distribute and was sentenced to 100 hours of community service and fined $2,175. Ex. A at 3. In 2012, Petitioner was convicted of possessing approximately 5 grams of marijuana. Ex. A at 3.

On December 6, 2017, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE"). Ex. B (Notice of Custody Determination). On or around December 12, 2017, the Department of Homeland Security ("DHS") filed a Notice to Appear with the Immigration Court charging Petitioner as removable pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") for conviction of a violation of "any law or regulation . . . relating to a controlled substance, . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana." Ex. C (Notice to Appear) at 3.

Petitioner's removal proceedings are currently pending before the Immigration Court. On December 27, 2017, Petitioner appeared in Immigration Court for a master calendar hearing and a bond hearing; Petitioner requested an adjournment for additional time to prepare. Decl. of Elizabeth Burgus ("Burgus Decl.") ¶ 3.

On or about April 25, 2018, Petitioner appeared for a master calendar hearing before an immigration judge. That hearing was adjourned to June 6, 2018 to allow Petitioner time to prepare and file an application for relief from removal. Burgus Decl. ¶ 5.

On June 6, 2018, Petitioner appeared for a master calendar hearing before an immigration judge. That hearing was adjourned to July 25, 2018 to allow Petitioner time to prepare. Burgus Decl. ¶ 6.

On July 25, 2018, Petitioner appeared for a master calendar hearing before an immigration judge. That hearing was adjourned to September 12, 2018 to allow Petitioner time to prepare and file an application for relief from removal. Burgus Decl. ¶ 7.

On September 12, 2018, Petitioner appeared for a master calendar hearing before an immigration judge. That hearing was adjourned to October 17, 2018 to allow Petitioner time to prepare. Burgus Decl. ¶ 8.

On October 17, 2018, Petitioner appeared for a master calendar hearing. At that hearing, he filed an application for relief from removal. That hearing was adjourned to January 14, 2019 for an individual calendar hearing on the merits. Burgus Decl. ¶ 9.

Petitioner's counsel recently advised the Court that Petitioner's case is still pending before the Immigration Court, and his next hearing is scheduled for April 12, 2019. *See* ECF No. 10.

## III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's claims as he is detained within this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

Petitioner was arrested and detained by Immigration & Customs Enforcement ("ICE") on December 6, 2017. Petitioner has now been detained for more than 15 months under INA § 236(c), 8 U.S.C. § 1226(c).[1] Petitioner is considered to be in "pre-order removal immigration

---

[1] Petitioner's original Notice of Custody Determination indicated that ICE had detained him pursuant to 8 U.S.C. § 1226(a), i.e., discretionary detention. *See* Ex. B. Recognizing that this was issued in error, on October 31, 2018, ICE issued a new Notice of Custody Determination correctly indicating that Petitioner's detention was actually pursuant to 8 U.S.C. § 1226(c), i.e., mandatory detention.

3

detention" because the IJ has not yet issued a final order of removal. *See* 8 C.F.R. § 1241.1; *see also Ortez v. Rodriguez*, No. 2017 WL 838801, at *2-3 (D.N.J. Mar. 3, 2017). Therefore, Petitioner is still subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

The government asserts that Petitioner's detention without an individualized bond hearing is authorized by 8 U.S.C. § 1226 and points to the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018), which abrogated the Third Circuit's prior precedents in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). Petitioner argues that the constitutional analyses of *Diop* and *Chavez-Alvarez* survive *Jennings*, and that his continued detention under § 1226(c) without an individualized bond hearing is an unconstitutional violation of due process under the Fifth Amendment.

The Supreme Court first considered the constitutionality of prolonged detention pursuant to § 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003). There, the Court determined that the statute was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that in most cases detention under the statute lasted only a month and a half and that even in cases where an appeal was taken to the Board of Immigration Appeals ("BIA"), detention pursuant to § 1226(c) lasted an average of four months, indicating that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected Petitioner's challenge even though Petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore* it was clear that immigration detention under §

4

1226(c) was facially valid, and that detention for less than six months as insufficient to support an as-applied challenge to detention under the statute.

Subsequently, in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011), the Third Circuit applied the principle of constitutional avoidance to § 1226(c), and "conclude[d] that the statute implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Because the Third Circuit did "not believe that Congress intended to authorize prolonged, unreasonable detention without a bond hearing," it determined that § 1226(c) must be read to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length [and the statute] yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose" when this "implicit limitation" is exceeded. *Id.* at 235. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case" *Id.* at 234; *see also Dryden v. Green*, 321 F.Supp.3d 496, 499–500 (D.N.J., 2018) (explaining same).

Subsequently, in *Chavez–Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. *Id.* at 475. The Third Circuit further held that, absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 532–33 (2003),] and certainly by the time [the

petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute."[2] 783 F.3d at 478.

The Supreme Court's February 2018 decision in *Jennings v. Rodriguez*, 538 U.S. ——, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018) held, in relevant part, that § 1226(c) unambiguously authorizes prolonged detention, and thus the Court explicitly rejected the practice of reading implicit time limitations into the statute. In *Jennings*, the Supreme Court reversed the Ninth Circuit holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18 CIV. 4189, 2018 WL 2932726 (RWS), at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional

---

[2] On the issue of bad faith, the court acknowledged that "[a]n argument could be made that aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Id.* at 476. Because the court concluded that *Chavez–Alvarez* did not act in bad faith in challenging his removal, it declined to decide whether an alien's delay tactics should preclude a bond hearing. *Id.* at 476.

6

challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden*, 321 F.Supp.3d at 501 (finding that as-applied challenges remain viable post-*Jennings*).

It is clear that *Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Courts in this District, however, have found "[t]he constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance to how this Court should address § 1226(c) claims" *See Dryden*, 321 F.Supp.3d at 502. Although the Third Circuit has not yet provided explicit guidance to lower courts grappling with Post-*Jennings* challenges to prolonged detention under § 1226(c), it recently stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding, however, that the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)). This Court joins other courts in this District in finding that the constitutional analysis in *Diop* and *Chavez-Alvarez* remains instructive to lower courts in determining whether detention is unreasonably prolonged under § 1226(c).

Here, Petitioner has been detained for more than 15 months and argues that his continued detention under § 1226(c) without a bond hearing is an unconstitutional violation of due process under the Fifth Amendment. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due

7

Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The government acknowledges, as it must, that Petitioner still may make an as-applied challenge to his prolonged detention, but argues that Petitioner's detention has not become unreasonably prolonged and that his requested continuances account for much of his time in detention during removal proceedings thus far. *See* Burgus Decl. ¶¶ 3-9. The government further contends that Petitioner has put forth no evidence of extensive delays caused by ICE, or that his detention is for any purpose other than effectuating an eventual removal.

The Court finds it notable that Petitioner's detention now exceeds the outer time limitation of one year set forth in *Chavez-Alvarez*.[3] As a general matter, courts in this District have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-*Jennings*. *See, e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); K.A. v. Green, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months); *Carlos L. C. v. Green*, 2019 WL 1110388, at *3 (D.N.J. Mar. 11, 2019) (27 months); *but see Selvin M. R. v. Green*, 2019 WL 981651, at *3 (D.N.J., 2019) (finding that detention for fourteen months that is largely the result

---

[3] Some courts in this District have found that the outer limit of detention in *Chavez-Alvarez* does not govern reasonableness post-*Jennings*, even where there has been no showing of Petitioner's bad faith. In *Dryden v. Green*, 321 F.Supp.3d at 502, for example, the District Court found that detention for slightly over a year did not support a finding that § 1226(c) is unconstitutional as applied to Petitioner where the majority of the delay in Petitioner's immigration results is directly attributable to Petitioner's own delay in acquiring counsel and ultimately filing his petition for relief, and the remaining delay was not the result of any apparent inaction or unreasonable delay on the part of the Government. *Id.*; *see also Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018).

8

of his own requests for continuances or other delays in his proceedings did not justify habeas relief).

Here, the Court need not decide whether detention for a year (or slightly over a year) is unreasonable, as Petitioner has been detained for over 15 months, several months beyond the one-year outer limit set forth *Chavez-Alvarez*. Although the government attributes delays to Petitioner, who apparently sought continuances to prepare his case, it has not argued that Petitioner is acting in bad faith or lacks viable challenges to his removal.[4] Because Petitioner has been detained beyond the outer limit set forth in *Chavez-Alvarez* and there is no evidence of Petitioner's bad faith, the Court finds that his detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. That bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the government in § 1226(c) cases).

## IV.   CONCLUSION

For the reasons explained in this Opinion, this Court grants Petitioner's habeas petition and directs the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days. An appropriate order follows.

Madeline Cox Arleo, District Judge
United States District Court

---

[4] The Court notes that at the time the government submitted its response, Petitioner had been detained only 11 months. Pursuant to the constitutional analysis in *Chavez-Alvarez*, that length of detention would also require a bond hearing unless there was a showing of Petitioner's bad faith.

9

DATED: 3/29, 2019.